S07Y0530. IN THE MATTER OF TARA GAIL McNAULL.

(653 SE2d 46)

PER CURIAM.

This disciplinary matter is before the Court pursuant to a Notice of Discipline filed by the State Bar alleging that Respondent Tara Gail McNaull violated Rules 1.3, 1.4, 1.15 (I) and (II), 3.2, 3.4, 8.1, 8.4 and 9.3 of the Rules of Professional Conduct found in Bar Rule 4-102 (d).[1] The maximum sanction for a single violation of Rule 1.3, 1.15 (I) and (II), 3.4, 8.1 or 8.4 is disbarment, while the maximum sanction for a single violation of Rule 1.4, 3.2 or 9.3 is a public reprimand. The State Bar asserts that, due to the facts of this case, disbarment is the appropriate sanction for her violations. We agree.

According to the Notice of Discipline, which covers McNaull's actions in 26 separate client matters, McNaull, whose practice apparently involved primarily domestic relations and general civil matters, has forged signatures on documents, including, but not limited to, the signature of a notary public and a sheriff's deputy; lied to or misled clients and opposing counsel as to the status of cases and actions she allegedly had taken in those cases; failed to follow through on promises made to clients, opposing counsel and the court; misled clients as to the progress of their cases and scheduled hearing dates;

---

[1] Rule 1.3 requires a lawyer to act with reasonable diligence and promptness in representing a client and not wilfully abandon or disregard a legal matter entrusted to her; Rule 1.4 requires a lawyer to keep the client reasonably informed about the status of matters and to promptly comply with reasonable requests for information; Rule 1.15 (I) requires a lawyer to hold property or funds of clients or third persons that are in a lawyer's possession in connection with a representation separate from the lawyer's own and to keep funds in an account maintained in an approved institution and property separately identified and appropriately safeguarded; Rule 1.15 (II) requires all funds held by a lawyer for a client to be deposited in and administered from a trust account and the lawyer shall not commingle personal funds in that account; Rule 3.2 requires a lawyer to make reasonable efforts to expedite litigation consistent with the interests of the client; Rule 3.4 prohibits a lawyer from falsifying evidence; Rule 8.1 prohibits a lawyer from failing to respond to a lawful demand for information from a disciplinary authority in connection with a disciplinary matter; Rule 8.4 prohibits a lawyer from engaging in professional conduct involving dishonesty, fraud, deceit or misrepresentation; and Rule 9.3 requires a lawyer to respond to disciplinary authorities in accordance with the Rules of Professional Conduct found in Bar Rule 4-102 (d).

failed to return clients' and opposing counsel's repeated phone calls and e-mails; failed to timely prepare some of the documents and pleadings needed for the cases; advised clients and opposing counsel that delays in their cases were attributable to the action or inaction of others when in reality the fault for the delays rested with her; created false or misleading documentation after the fact to support her misrepresentations; failed to provide clients with information about their cases; failed to return unearned fees; removed pertinent documents from clients' files before returning the files to the clients who had requested their return; and placed "manufactured" documents into a client's file before returning it to the client who requested it in order to mislead the client about the work that had been done in the case. McNaull's actions caused some of her clients to lose their rights and forced others to hire new counsel to protect their rights and although McNaull was personally served with the Notice of Investigation in this matter, she failed to respond.

McNaull also failed to file a Notice of Rejection despite being properly served with the Notice of Discipline by publication pursuant to Bar Rule 4-203.1 (b) (3) (ii). Therefore, she is in default, has waived her rights to an evidentiary hearing and is subject to such discipline and further proceedings as may be determined by this Court. See Bar Rule 4-208.1 (b).

Based on our review of the record, which contains no explanation from McNaull, we find that McNaull violated Rules 1.3, 1.4, 1.15 (I), 3.2, 3.4, 8.1, 8.4 and 9.3 of the Rules of Professional Conduct found in Bar Rule 4-102 (d).[2] We note in aggravation that McNaull's actions show a pattern and practice of client neglect and attorney misconduct. Finding no factors in mitigation other than McNaull's lack of a prior disciplinary history, we conclude that disbarment is the warranted sanction in this case. Accordingly, Tara Gail McNaull hereby is disbarred from the practice of law in Georgia. She is reminded of her duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED NOVEMBER 5, 2007.

*William P. Smith III, General Counsel State Bar, Rebecca A. Hall, Assistant General Counsel State Bar*, for State Bar of Georgia.

---

[2] We found no evidence in the record that McNaull violated Rule 1.15 (II) (all funds held by a lawyer for a client shall be deposited in and administered from a trust account and lawyer shall not commingle personal funds in that account).